UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE TRUSTEES OF THE OPERATIVE PLASTERERS )
and CEMENT MASONS' INTERNATIONAL )
ASSOCIATION LOCAL 262 f/k/a 530 ANNUITY FUND,)
WELFARE FUND, APPRENTICESHIP TRAINING ) **COMPLAINT**
FUNDS and PENSION FUND and OPERATIVE ) Docket No.
PLASTERERS' AND CEMENT MASONS' )
INTERNATIONAL ASSOCIATION LOCAL 262 f/k/a ) 07-CV-07640 (mbe)(thk)
LOCAL 530 )
 )
            Plaintiffs )
 )
    *-v-* )
 )
MEDWAY CONSTRUCTION, INC. )
 )
           Defendants **)**

---

    Plaintiffs, Trustees of Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a Local 530 (hereinafter referred to as the "Union") and The Trustees of Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 Annuity Fund, Welfare Fund, Apprenticeship Training Funds and Pension Fund f/k/a Local 60 Pension Fund (hereinafter referred to as the "Funds")and by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC. allege as follows:

## **JURISDICTION AND VENUE**

    1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacity and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs and permit and cooperate in the conduct of an audit.

## PARTIES

5. The Plaintiffs Trustees is at all relevant times, a fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the

Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which includes payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Union dues check-off on behalf of the employees from the Employers, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 2241 Conner Street, Bronx, NY 10466 in the County of Bronx.

8. The Plaintiffs Union, Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a Local 530 maintains its offices and is administered at 2241 Conner Street, Bronx, NY 10466 in the County of Bronx

9. Upon information and belief, the defendant, MEDWAY CONSTRUCTION, INC., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, the Defendant Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York

with its principal place of business at 286 Fifth Avenue, Suite 801, New York, NY 10001, County of New York.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or by virtue of membership in an Employer Association.

12. The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

13. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions and dues check-off for the effective period of the collective bargaining agreement.

14. Pursuant to the Collective Bargaining Agreement the Employer is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining the amount of fringe benefit contributions due the Funds and verifying the accuracy of the Employer contribution reports.

15. The Employer has failed and refused to allow an audit by the Funds and Union for the effective period of the collective bargaining agreement.

16. Upon information and belief the fringe benefit contributions and dues check

off contractually due the Funds and Union have not been paid by the Employer and the Funds and Union are damaged in an amount to be determined after an audit of the books and records of the Employer.

17. The Employer's failure, refusal or neglect to allow an audit constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the C.B.A. and/or the Policy For Collection Of Delinquent Contributions upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest on the unpaid contributions for the delinquency period; audit fees, accountant fees and attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

19. Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for contribution reports, dues check off, fringe benefit contributions plus liquidated damages, interest, audit fees and attorneys' fees in an amount to be determined by the audit.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**AS AND FOR A THIRD CLAIM FOR RELIEF**

20. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

22. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

23. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

25. The failure to permit an audit has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

26. Accordingly, the Employer and Defendant, Medway Construction, Inc. are liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

27. Accordingly, the Employer and Defendant, Medway Construction, Inc. must permit and cooperate in the conduct of an audit and is liable to the Funds and Union in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Medway Construction, Inc. on all the Claims for Relief as follows:

(a) Order requiring the defendant to permit and cooperate in an audit of the defendant's books and records by the plaintiffs or its agents for the effective period of the collective bargaining agreement.

(b) Judgment against the defendant for any monies found due and owing as a result of the audit of defendant's books and records which shall include the principal amount due plus interest, at a rate if 6% on the unpaid contributions for the delinquency period, dues check off plus interest, liquidated damages calculated at twelve (20%) percent of the principal amount found due and reasonable attorneys fees and the cost of the audit as provided for in the C.B.A and/or Trust Indenture.

(c) Court costs and disbursements as stated in Plaintiff's Policy For Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

(d) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
August 22, 2007

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD PLLC.

By:____s/_____
Danielle M. Carney (DMC7471)
Attorneys for Plaintiffs
3 Surrey Lane
Hempstead, NY  11550
(516) 483-2990